UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DAVID HASH,

                              Plaintiff                          DOCKET #

             -against-

UNITED STATES OF AMERICA, UNITED STATES                         COMPLAINT
TRANSPORTATION SECURITY ADMINISTRATION,
and JASON VIOLA

                    Defendants,

-------------------------------------------------------------X

Plaintiff, by her attorney, ROBERT P. ROVEGNO, ESQ., complaining of the

defendants, respectfully alleges and sets forth as follows:

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION FOR DAMAGES SUSTAINED FROM PERSONAL INJURIES RESULTING FROM AN ASSAULT

1.      The court has jurisdiction over this matter pursuant to 28 U.S.C.

§1346(b)(1), §1367(a), and the Federal Tort Claims Act.

2.      The basis for the venue of this action is the judicial district wherein the act

or omission complained of occurred.

3.      At all times hereinafter mentioned the plaintiff was and still is a resident

of the County of Queens, City and State of New York.

4.      At all times herein mentioned the defendant, UNITED STATES

TRANSPORTATION SECURITY ADMINISTRATION (hereinafter TSA), is a federal department,

agency, or bureau of the defendant, UNITED STATES OF AMERICA, duly organized and

existing pursuant to the Constitution and Laws of the United States of America.

5. On information and belief and at all times hereinafter mentioned the defendant, JASON VIOLA, was an employee of defendants, UNITED STATES OF AMERICA and UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION.

6. On information and belief and at all times hereinafter mentioned, the defendant, JASON VIOLA, was acting in and during the course of his employment for defendants, UNITED STATES OF AMERICA and UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION.

7. On information and belief, on or about June 29, 2007 the plaintiff was an employee of US Airways and employed at La Guardia International Airport, Flushing, County of Queens, City and State of New York.

8. On information and belief, on or about June 29, 2007 plaintiff was lawfully at or about the US Airways, Terminal C, Gate #18, at the jet way to Flight # 2183 departing from La Guardia to Washington D.C., La Guardia Airport, Flushing, County of Queens, City and State of New York.

9. On information and belief and at all times hereinafter mentioned, the plaintiff was in the course of his employment thereat.

10. On information and belief, on or about June 29, 2007, at approximately 5:45 P.M., the defendant, JASON VIOLA entered into an altercation with plaintiff thereat and maliciously assaulted him without just cause or provocation.

11. That on or about the 29th day of June, 2007, and within two years after the claim accrued against the UNITED STATES OF AMERICA and UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION, plaintiff caused a Notice of Claim, in

writing, sworn to by claimant seeking money damages due to personal injuries in the sum of $1,000,000.00, to be served upon defendant, UNITED STATES OF AMERICA and the UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION by delivering same to the Claims Processing Office of the TSA by Certified Mail-Return Receipt Requested which claim was received by the TSA on said 29th day of June, 2007, which said Notice of Claim set forth the name and post office address of claimant and her attorneys, the manner in which the claim arose and the items of damage or injuries claimed to have been sustained so far as practicable.

12.    That at least six months has elapsed since the demand or claim upon which this action was founded was presented to the UNITED STATES OF AMERICA and the UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION for adjustment and that they have neglected and/or refused to make any adjustment or payment therefore.

13.    That less than six years has elapsed since the accrual of the cause of action against the UNITED STATES OF AMERICA and the UNITES STATES TRANSPORTATION SECURITY ADMINISTRATION as herein set forth.

14.    That solely by reason thereof, the plaintiff, DAVID HASH, suffered serious and severe injuries and sustained resultant pain and suffering rendering plaintiff sick, sore, lame and disabled and was compelled to and did expend diverse sums of money for medical care and treatment and the necessary incidents thereof, and on information and belief, some of such injuries are permanent.

15.    Plaintiff, DAVID HASH, was incapacitated from pursuing her usual duties, occupation, vocation, avocation, hobbies and/or recreational pursuits from the date of

loss and continuing to date.

16.     Due to the defendant's negligent, reckless, careless and unlawful conduct, the plaintiff, DAVID HASH, suffered serious and severe personal injuries and sustained resultant pain and mental anguish all to his damage in the sum of ONE MILLION DOLLARS ($1,000,000.00) as against each of the defendants.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION, FOR DAMAGES SUSTAINED FROM PERSONAL INJURIES AS A RESULT OF DEFENDANTS' NEGLIGENCE.

17.     Plaintiff, DAVID HASH, repeats, reiterates and realleges each and ever allegation contained in paragraphs marked "1" through "16", with the same force and effect as though more fully set forth herein.

18.     On information and belief and at all times hereinafter mentioned, the defendant, JASON VIOLA, was negligent in that he conducted himself in a reckless, careless, and wanton manner towards the plaintiff which resulted in plaintiff sustaining injuries hereinafter alleged.

19.     That by reason of the foregoing, the plaintiff, DAVID HASH, sustained damages in the sum of ONE MILLION DOLLARS ($1,000,000.00).

### AS AND FOR PLAINTIFF'S  THIRD CAUSE OF ACTION FOR DAMAGES SUSTAINED FROM PERSONAL INJURIES AS A RESULT OF DEFENDANTS' NEGLIGENCE IN SCREENING, HIRING, and TRAINING OF ITS CERTAIN AGENTS, SERVANTS, and/or EMPLOYEES.

20.     Plaintiff, DAVID HASH, repeats, reiterates and realleges each and ever allegation contained in paragraphs marked "1" through "19", with the same force and effect as though more fully set forth herein.

21.     On information and belief the defendants hired certain agents, servants, and/or employees for its business on or prior to the date of loss herein above mentioned, in particular, one JASON VIOLA, the defendant

22.     That the defendants improperly screened, hired and trained its agents, servants and/or employees, in particular, one JASON VIOLA, who engaged in an altercation with the plaintiff at said date, time and location.

23.     On information and belief on or about June 29, 2007 as a result of the defendant, JASON VIOLA's, conduct, the plaintiff was injured and sustained damages hereinbefore alleged.

24.     That as a direct and proximate result of this negligence, plaintiff was caused to sustain damages herein in the amount of ONE MILLION DOLLARS ($1,000,000.00).

Wherefore, plaintiff, DAVID HASH, demands judgment against the each of the defendants in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the first cause action herein; ONE MILLION DOLLARS ($1,000,000.00) on the second cause of action herein; and ONE MILLION DOLLARS ($1,000,000.00) on the third cause of action herein.

Dated: April 14, 2009
Great Neck, New York

ROVEGNO & TAYLOR, P.C.,
BY: Robert P. Rovegno, Esq.
Attorney for Plaintiff
1010 Northern Blvd., Suite 304
Great Neck, NY, 11021
(P) 516-876-9600
(F) 516-414-5430

## AFFIRMATION

The undersigned, under the penalties of perjury, affirms:

That he is ROBERT P. ROVEGNO, the attorney of record herein; that he has read the foregoing paper; that to his knowledge the contents thereof are true, except as to the matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true; that the grounds and sources of such belief are written statements, reports and memoranda in his file, as well as conferences had between him and persons familiar with the circumstances underlying the allegations contained in said paper; and that the reason this affirmation is not made by the party is that:

( )    Said party is a foreign corporation.

( X )   Said party(s) is not in the county where he has his office.

( )    The action or defense is founded upon a written instrument for the payment of money only, which is in his possession.

( )    All material allegations of the paper are within his personal knowledge.

Dated:  Great Neck, New York
         April 14, 2009

_____
ROBERT P. ROVEGNO, ESQ.